# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | ) | Case No.: 1:19-cv-00641-TSB |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT NED R. VAN EMON'S** |
| | ) | **MOTION TO DISMISS** |
| POND REALTY COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Ned Van Emon ("Mr. Van Emon"), by and through his undersigned counsel, moves to dismiss Plaintiff Marie Joseph's Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable law. As explained in the attached memorandum in support, Plaintiff's claims fail to state a claim upon which relief can be granted, and are also barred as a matter of law. Mr. Van Emon requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

*/s/ James E. Burke*
James E. Burke (0032731)
Rachael A. Rowe (0066823)
James R. Matthews (0043979)
Benjamin G. Stewart (0082638)
Jacob D. Rhode (0089636)
KEATING MUETHING KLEKAMP PLL
One E. 4th Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
jburke@kmklaw.com
rrowe@kmklaw.com
jmatthews@kmklaw.com
bgstewart@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Ned R. Van Emon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | ) | Case No.: 1:19-cv-00641-TSB |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT NED R. VAN EMON'S** |
| POND REALTY COMPANY, *et al.*, | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |

I. **INTRODUCTION**

Plaintiff Marie Joseph ("Marie") spent over two and a half years litigating individual claims in this Court based largely upon allegations that the transactions between Columbia Oldsmobile Company ("Columbia") and Pond Realty Company ("Pond") from 2012-forward were improper and unfair to Columbia (Case No. 16-cv-00465, the "Previous Case"). Ned Van Emon ("Mr. Van Emon") was the first witness Marie deposed in the Previous Case—back in October 2016 shortly after he ended his employment as CFO for Columbia and Pond. (*See* Van Emon Depo., Doc. 206-17.)[1] He also testified for several hours at trial and was cross examined by Marie's counsel about the transactions between Columbia and Pond. (Trial Tr. (Van Emon), Doc. 213 at 8-36 to 8-150.) After that multi-week trial concluded, the jury rejected Marie's claims and returned a complete defense verdict.

Marie has now filed a second lawsuit in this Court again challenging the transactions between Columbia and Pond, re-casting her claims as "derivative" and for the very first time alleging purported wrongdoing by Mr. Van Emon. The claims against Mr. Van Emon are frivolous and deficient as plead, and represent nothing more than a contrived attempt to re-litigate failed

---

[1] All references to the docket ("Doc.") in this Motion are to the Previous Case unless noted as the "Current Case."

claims that are legally barred by the judgment in the Previous Case.

Marie asserts three claims against Mr. Van Emon: Breaches of Fiduciary Duties (Count One); Fraud and Fraudulent Breaches of Fiduciary Duties (Count Two); and Waste of Corporate Assets (Count Three). Each claim fails to meet the requisite pleading standards for stating a claim for relief against Mr. Van Emon, and there are no factual allegations that satisfy Ohio's requirement of proving damages to the corporation in order to maintain a derivative action. Courts routinely dismiss derivative claims for this same pleading defect. One of her claims (Waste of Corporate Assets) is also not a recognizable, independent cause of action. And all of her claims are also barred by the doctrines of res judicata, judicial estoppel, improper claim splitting, and collateral estoppel. The Complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. Marie's Complaint Fails to State a Claim for Relief Under the Requisite Pleading Standards

#### 1. Count One of the Complaint (Breaches of Fiduciary Duties) Fails the Requirements of *Twombly* and *Iqbal*, and Fails to Establish Proof of Damages to Columbia

Count One of the Complaint purports to bring a claim against Mr. Van Emon individually for "breaches of fiduciary duties." (Compl. ¶¶ 59-64.) To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (internal

quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555.) Moreover, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

The Complaint fails this well-established standard because Marie does nothing more than recite conclusory allegations that Mr. Van Emon "breached his fiduciary duties" by "implementing numerous financial relationships and transactions between Columbia and its subsidiaries on the one hand and Pond on the other hand." (*See, e.g.*, Compl. at ¶¶ 31-32, 34-35, 37, 59-64.) Marie does not identify any specific transactions between Columbia and Pond (or even types of transactions) that Mr. Van Emon supposedly "implemented" that were improper, nor state when any such transactions took place. She does not "give [Mr. Van Emon] notice" of the particular wrongdoing alleged *against him* related to the transactions between Columbia and Pond that were already litigated in the Previous Case, and there are no factual allegations "to render the legal claim [against Mr. Van Emon] plausible, i.e., more than merely possible." *Fritz*, 592 at 722. For this reason alone, the entire Complaint, including Count One, should be dismissed.

The Complaint also does not contain any factual allegations from which the Court could conclude (or even infer) that any of the purported "financial relationships and transactions" between Columbia and Pond caused damage to Columbia—which is an essential element of any breach of fiduciary duty claim. *See Brosz v. Fishman*, 99 F. Supp. 3d 776, 786 (S.D. Ohio 2015) (collecting cases); (Summary Judg. Order, Doc. 161 at 6) (citing *Brosz* and stating damages "is an <u>essential element</u> of a breach of fiduciary duty claim") (emphasis in original). "More

fundamentally, the Sixth Circuit has emphasized that 'Ohio law requires proof of damages to the corporation before a shareholder's derivative action can be maintained.'" *Brosz*, 99 F. Supp. 3d at 786 (quoting *Brown v. Ferro Corp.*, 763 F.2d 798, 802-03 (6th Cir. 1985) (citing *Barsan v. Pioneer Savings and Loan Co.*, 163 Ohio St. 424, 127 N.E.2d 614 (Ohio 1955)).

Far from any factual allegations as to how and why Columbia was damaged by Mr. Van Emon or any other allegations from which "proof of damages" could be inferred, the Complaint contains only the bald and conclusory allegation that the "breaches of fiduciary duty by Van Emon have proximately caused damages to Columbia." (Compl. at ¶ 32.) (*See also* Compl. at ¶¶ 48, 61, 67, 75, 77.)[2] Courts have consistently dismissed shareholder derivative complaints where, like here, the complaint contains nothing more than conclusory allegations of damages. *See, e.g.*, *Brosz*, 99 F. Supp. 3d at 786-88 (dismissing derivative suit where complaint contained "only conclusory allegations of direct harm to [the company]" and lacked facts that specifically "explained how [the alleged wrongdoing] in and of itself damaged [the company]"); *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 671 (S.D. Ohio 2003) (dismissing derivative suit where complaint alleged the company "has been damaged by having its entity value decreased in an amount to be determined after this Court compels a proper accounting" because such "conclusory allegations in the complaint are insufficient to demonstrate that [the company] has sustained damages as the result of [the alleged wrongdoing]"); *Brown v. Ferro Corp.*, 763 F.2d 798, 802-03 (6th Cir. 1985) (affirming dismissal of derivative suit for failure to demonstrate that the company sustained damages). For this reason, also, Count One should be dismissed.

---

[2] Indeed, there is no evidentiary (or Rule 11) basis upon which Marie could have alleged any damages to Columbia as a result of transactions with Pond. As established during the jury trial before this Court, the **unrefuted** evidence is that every transaction between Columbia and Pond Realty was fair (and benefitted) Columbia. Despite years of litigation, not a single witness testified (and no documents were introduced to show) that Columbia was damaged in any way through transactions with Pond Realty—just the opposite.

### 2. Count Two of the Complaint (Fraud and Fraudulent Breach of Fiduciary Duties) Fails the Requirements of Rule 9(b), and Fails to Establish Proof of Damages to Columbia

Count Two of the Complaint purports to bring a claim against Mr. Van Emon for "fraud and fraudulent breach of fiduciary duties." (Compl. ¶¶ 65-69.) As this Court summarized when previously concluding Marie had not stated a claim for "fraudulent breach of fiduciary duty":

> In Ohio, to state a claim for fraud, a plaintiff is required to plead (1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *See Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167, 169, 462 N.E.2d 407 (1984).
>
> The Federal Rules of Civil Procedure impose additional requirements: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This provision requires a party to set forth, at a minimum, the "time, place and content" of the misrepresentation upon which the plaintiff relied, as well as the intent of the defendant, and the resulting injury. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988).

(Summary Judg. Order, Doc. 100 at 11.) Thus, at a minimum under Rule 9(b), a plaintiff must "specify the who, what, when, where, and how of" the defendant's "alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotations and citation omitted). *See also*, *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012). Rule 9(b) applies not only to claims of fraud, but also when averments of fraud are part of another claim, such as breach of fiduciary duty. *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 735 (S.D. Ohio 2009).

The Complaint falls far short of these stringent standards. There are no factual allegations identifying any specific misrepresentation or concealment made by Mr. Van Emon; explaining how any such misrepresentation or concealment was material to any transaction; explaining how

Mr. Van Emon acted with knowledge of falsity and with the intent to induce reliance; or explaining how there was justifiable reliance on any particular misrepresentation or concealment by Mr. Van Emon. The Complaint is filled only with conclusory and threadbare allegations that unspecified actions by Mr. Van Emon at unspecified times and places "constitute fraudulent breaches of his fiduciary duties." (*See* Compl. at ¶¶ 41, 66.) Marie does not even begin to establish the requisite "who, what, when, where, and how" of Mr. Van Emon's alleged fraud. *Sanderson*, 447 F.3d at 877.

Furthermore, like Count One, the Complaint does not make any factual allegations from which the Court could conclude (or even infer) that any of the purported "fraudulent" actions by Mr. Van Emon caused damage to Columbia—which is not only an essential element of any "fraud" or "fraudulent breach of fiduciary duty" claim, but also required to maintain a derivative action (as discussed above, *infra* at 3-4). *See Cohen*, 10 Ohio St. 3d at 169; *Brosz*, 99 F. Supp. 3d at 786; (Summary Judg. Order, Doc. 100 at 11); (Summary Judg. Order, Doc. 161 at 6). Marie only alleges in conclusory fashion that the "fraudulent breaches of fiduciary duty by Ned R. Van Emon have caused damage to Columbia Oldsmobile Company." (Compl. at ¶ 67.)

For these reasons, Count Two of the Complaint (Fraud and Fraudulent Breaches of Fiduciary Duties) should also be dismissed.

> **3. Count Three of the Complaint (Waste of Corporate Assets) Is Not an Independent Cause of Action, and Additionally Fails for the Same Reasons as Count One (Breaches of Fiduciary Duties)**

Count Three of the Complaint purports to bring a claim against Mr. Van Emon for "waste of corporate assets." (Compl. ¶¶ 70-75.) However, "under Ohio law, corporate waste and gross mismanagement are ways in which fiduciary duty can be breached, not separate causes of action independent of a fiduciary breach." *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 875, 903

(N.D. Ohio 2008) (dismissing claim as redundant and duplicative) (citing *Prodan v. Hemeyer*, 610 N.E.2d 600, 603-604 (Ohio Ct. App. 1992)). *See also Cohen v. Dulay*, 94 N.E.3d 1167, 1176 (Ohio Ct. App. 2017) (affirming trial court's dismissal of plaintiff's corporate-waste claim as redundant of plaintiff's breach-of-fiduciary-duty claim).

Even if "waste of corporate assets" could constitute an independent cause of action under Ohio law, it would still fail for the same reasons as Count One (Breaches of Fiduciary Duties). Corporate waste occurs "when corporate fiduciaries cause the corporation to enter a 'transaction on terms that no person of ordinary, sound business judgment could conclude represent a fair exchange.'" *In re Amcast Indus. Corp.*, 365 B.R. 91, 114 (Bankr. S.D. Ohio 2007) (quoting *In re LTV Steel Co., Inc.*, 333 B.R. 397, 424 (Bankr. N.D. Ohio 2005). *See also Ohio Drill & Tool Co. v. Johnson*, 625 F.2d 738, 742 (6th Cir. 1980). The Complaint contains no factual allegations that establish how or when Mr. Van Emon supposedly wasted corporate assets of Columbia through any particular transaction with Pond. The Complaint instead does nothing more than recite the conclusory allegation that Mr. Van Emon engaged in "gross mismanagement" by "failing to supervise and monitor Columbia's operations," including through "implementing" transactions between Columbia and Pond. (Compl. ¶ 71.) Such threadbare and generalized legal conclusions do not provide the necessary "notice to the defendant" of the particular wrongdoing alleged, *Fritz*, 592 F.3d at 722, and do not state a plausible claim under *Twombly* and *Iqbal*.

The Complaint also fails to establish how Columbia was specifically damaged by Mr. Van Emon's purported "gross mismanagement"—it alleges only that the "conduct of Ned R. Van Emon" has "wasted valuable corporate assets" of Columbia. (Compl. at ¶ 72.) These conclusory allegations of damages are insufficient to state a claim and to maintain a derivative action. (*See infra* at 3-4.) The Court should therefore also dismiss Count Three.

### B. Marie's Complaint is Completely Barred by the Doctrine of Res Judicata (Claim Preclusion)

Notwithstanding Marie's failure to adequately plead any claim for relief against Mr. Van Emon, the entire Complaint should alternatively be dismissed because it is completely barred by the doctrine of res judicata. "A claim is barred by res judicata if there is: (1) a final decision on the merits by a court of competent jurisdiction, (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Holder v. City of Cleveland*, 287 F. App'x 468, 470 (6th Cir. 2008) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)); *Sanders Confectionery Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). For all the reasons explained in Pond's Motion to Dismiss—which Mr. Van Emon expressly adopts and incorporates by reference here—each element of res judicata has been satisfied. (*See* Current Case Doc. 7 at 1-14.) The Court should reject Marie's improper and vexatious attempt to re-litigate the same transactions between Columbia and Pond that she already litigated to a judgment in the Previous Case (and continues to litigate in the pending Sixth Circuit appeal).

### C. Marie's Complaint is Completely Barred by the Doctrines of Judicial Estoppel and Impermissible Claim Splitting

The Complaint should alternatively be dismissed because it is barred by the doctrines of judicial estoppel and impermissible claim splitting.

"Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship" or "playing fast and loose with the courts", *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990), and should be applied to prevent a party from "taking a position inconsistent with a position unequivocally and successfully asserted by the same party in another proceeding." *Speroni S.P.A.*

*v. Perceptron, Inc.*, 12 Fed. Appx. 355, 358 (6th Cir 2001) (citations omitted). As outlined in Pond's Motion to Dismiss—which Mr. Van Emon adopts and incorporates by reference (*see* Current Case Doc. 7 at 15-17)—Marie argued unequivocally in the Previous Case that she should be permitted to bring an individual *rather than derivative* action for allegedly improper transactions between Columbia and Pond. The Court ruled in Marie's favor, stating that "[r]equiring Marie to bring this action derivatively would have the undesirable result of placing any recovery under the control of Ron[.]" (Summary Judg. Order, Doc. 161 at 4.) Yet now, after having tried and lost her individual action, Marie attempts to bring the very thing she successfully argued *against* before—a *derivative* action based upon the same allegedly improper transactions between Columbia and Pond. The Court should apply judicial estoppel to prevent Marie's "perversion of judicial machinery" and blatantly opportunistic "blowing hot and cold as the occasion demands." *Speroni S.P.A.*, 12 F. App'x at 358 (internal quotations and citations omitted).

The Complaint also constitutes impermissible claim splitting, as explained in Pond's Motion to Dismiss (Current Case Doc. 7.) Mr. Van Emon expressly adopts and incorporates by reference those arguments for dismissal. (*Id.* at 14-15.) As Pond correctly points out, "[t]here would be no end to [this] litigation" if Marie is permitted to continue filing "piecemeal" suits against different Columbia officers and employees for the same transactions between Columbia and Pond that she has already litigated to a judgment in the Previous Case. *Stark v. Starr*, 94 U.S. 477, 485 (1876).

### D. Collateral Estoppel (Issue Preclusion) Further Bars the Vast Majority of Any Potential Claims Against Mr. Van Emon

In addition to the other independent grounds for dismissal, the doctrine of collateral estoppel also applies to bar the majority of Marie's claims against Mr. Van Emon. "Collateral estoppel, sometimes called issue preclusion, 'precludes relitigation of issues of fact or law actually

litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.'" *Trost v. Trost*, 735 F. App'x 875, 878 (6th Cir. 2018) (quoting *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999)). "Where a litigant brings repeated actions based upon the same operative facts, issue preclusion may still properly apply despite a change in legal theory or the cast of characters-defendants." *Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (internal quotations and citation omitted). Collateral estoppel "protect[s] against the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S.Ct. 1293, 1302 (2015) (internal citations and alterations omitted).

"A party is barred from relitigating an issue already decided when: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue." *Trost*, 735 F. App'x at 878 (citing *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005)). "To determine whether these five elements are met . . . courts look at the entire record of the prior proceeding, not just the judgment." *Id.* at 879 (citing *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981)).

The first and second elements for collateral estoppel are satisfied here because the same issue that forms the basis of all of Marie's claims in this case—i.e., whether transactions between Columbia and Pond harmed Columbia—was actually litigated and decided by the jury in the Previous Case. With the sole exceptions of management fees paid by Columbia to Pond and the

"money center" account, the jury specifically determined that *all* other "transfers from Columbia and its subsidiaries to Pond" from 2012-forward were "fair to Columbia." (Jury Interrogatories, Doc. 210 at 14.)[3]

The third, fourth, and fifth elements for collateral are also satisfied. The jury's determination that all "transfers from Columbia and its subsidiaries to Pond" from 2012-forward (other than management fees and the money center account) were "fair to Columbia" was "necessary and essential" to the verdict on that issue. (*Id.*) The party to be estopped here (Marie) was also the plaintiff in the Previous Case, and there is no question she had a full and fair opportunity to litigate this issue for over two years, culminating in a multi-week jury trial.

Accordingly, in addition to the other independent grounds for dismissal discussed above, collateral estoppel also bars all claims against Mr. Van Emon based on any transactions between Columbia and Pond (other than management fees and the money center account).

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in Pond's Motion to Dismiss (Current Case Doc. 7), Marie's Complaint should be dismissed with prejudice.

---

[3] This encompasses all potential claims against Mr. Van Emon arising out of these transactions because the Previous Case and trial included the time period up through and beyond October 2016 when Mr. Van Emon's employment ended. (*See* Trial Tr. (Van Emon), Doc. 213 at 38 (testifying his employment ended around "October of 2016").

Respectfully submitted,

*/s/ James E. Burke*
James E. Burke (0032731)
Rachael A. Rowe (0066823)
James R. Matthews (0043979)
Benjamin G. Stewart (0082638)
Jacob D. Rhode (0089636)
KEATING MUETHING KLEKAMP PLL
One E. 4th Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
jburke@kmklaw.com
rrowe@kmklaw.com
jmatthews@kmklaw.com
bgstewart@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant Ned R. Van Emon*

### CERTIFICATE OF SERVICE

I certify that on September 30, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ James E. Burke*
James E. Burke

9436485