UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARIE JOSEPH, Derivatively on Behalf of Nominal Defendant COLUMBIA OLDSMOBILE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>POND REALTY COMPANY, *et al.*<br><br>Defendants,<br><br>and<br><br>COLUMBIA OLDSMOBILE COMPANY,<br><br>Nominal Defendant. | Case No. 1:19-cv-00641<br><br>Judge Timothy S. Black<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NED R. VAN EMON'S MOTION TO DISMISS** |

Plaintiff Marie Joseph ("Plaintiff"), by and through counsel and derivatively on behalf of Columbia Oldsmobile Company ("Columbia"), respectfully submits the follow Memorandum in Opposition to Ned R. Van Emon's Motion to Dismiss (the "Motion").[1]  For the reasons set forth more fully below, and in Plaintiff's Memorandum in Opposition to Pond Realty Company's Motion to Dismiss for Failure to State a Claim (Doc. 9), Ned R. Van Emon's ("Van Emon") Motion should be denied in its entirety.

---

[1] By submitting this memorandum with the Court, Plaintiff does not waive her right to raise with the Court the issues arising from the identities of Van Emon's counsel.  As the Court knows, the attorneys purporting to represent Van Emon in this case are the same attorneys that have represented Ronald Joseph ("Ron") in the case *Marie Joseph v. Ronald Joseph*, Case No. 1:16-cv-00465.  Those same attorneys *also* represent Columbia, the nominal defendant in *this* case on whose behalf these claims are being brought.  While there are serious conflicts of interest and other concerns regarding the overlapping representation, those are outside the scope of this memorandum and will be addressed with the Court when appropriate.

1

I.  **Motion to Dismiss Standard**

"On consideration of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Shirk v. Fifth Third Bancorp*, No. 05-CV-049, 2008 WL 4449024, at *5 (S.D. Ohio Sept. 26, 2008) (Black, J.). "A complaint need only give 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id*. (internal citations omitted). "[A] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citations omitted).

II.  **Plaintiff's complaint sufficiently states claims for breach of fiduciary duty and fraudulent breach of fiduciary duty against Van Emon.**

Van Emon contends in his Motion that Plaintiff has failed to state a claim upon which relief can be granted because (i) Plaintiff's Verified Shareholder Derivative Complaint (the "Complaint") (Doc. 1) does not sufficiently plead a claim for breach of fiduciary duty against Van Emon, and (ii) the Complaint fails to plead fraudulent breach of fiduciary duty with particularity.[2]

    A.  *Plaintiff sufficiently pleaded a claim for breach of fiduciary duty against Van Emon*

Van Emon asserts that the Complaint "does nothing more than recite conclusory allegations that Mr. Van Emon 'breached his fiduciary duties' by 'implementing numerous financial relationships and transactions between Columbia and its subsidiaries on the one hand and Pond on the other hand'" Doc. 10, PageID 79. Due to this alleged deficiency, Van Emon requests that the

---

[2] Van Emon also asserts that Plaintiff's claim for waste of corporate assets must fail because it is not an independent cause of action and fails for the same reason Plaintiff's breach of fiduciary duty claim fails. As discussed below, Plaintiff has sufficiently pleaded a claim for fiduciary duty as against Van Emon, so Plaintiff's claim for waste of corporate assets must also be permitted to move forward.

2

Court dismiss Plaintiff's Complaint as to Plaintiff's breach of fiduciary duty claims against Van Emon.

Van Emon's assertion that the Complaint "does nothing more than recite conclusory allegations that Mr. Van Emon 'breached his fiduciary duties'" is premised on selectively quoting portions of the Complaint while completely ignoring others. Van Emon first quotes a portion of 37 of the Complaint, which states *in full* as follows: "Van Emon has violated his duty to refrain from self-dealing by entering into and implementing numerous financial relationships and transactions between Columbia and its subsidiaries on the one hand and Pond on the other hand."[3]

Moreover, the additional paragraphs of the Complaint to which Van Emon cites (but that he does not quote or otherwise discuss) demonstrate that Plaintiff's Complaint contains allegations of Van Emon's breaches of fiduciary duties that go far beyond mere "conclusory allegations," contrary to Van Emon's assertion. As plainly stated in the Complaint, Van Emon breached the fiduciary duties he owed to Columbia by, among other things, (i) "his conduct before July 6, 2016, including but not limited to (A) by engaging in self-dealing and (B) by entering into or implementing transactions involving (i) the transfer of money or other things of value by Columbia that had not been approved by a corporate officer of Columbia Oldsmobile Company free from any conflict of interests and (ii) the use by third parties of Columbia's money, property, services or other things of value in transactions or operations that had not been approved by a corporate officer of Columbia Oldsmobile Company free from any conflict of interest" (Doc. 1, ¶ 31); (ii) by "failing to perform his duties as an officer in good faith, and in a manner reasonably believed to be in, or at least not opposed to, the best interests of Columbia" (*id.* at ¶ 33); and (iii) by "failing to disclose the related party and self-dealing transactions and by failing to obtain appropriate

---

[3] As noted in the Complaint, "Pond" is shorthand for "Pond Realty Company," which also does business as Joseph Management Company. That same terminology will be used in this memorandum.

3

authorizations for the related party and self-dealing transactions, entering into material transactions without the consent of a corporate officer of Columbia Oldsmobile Company free from any conflict of interest, and actively concealing the self-dealing transactions between Columbia and its subsidiaries on the one hand and the other companies for which Van Emon served as an officer on the other hand" (*id*. at ¶ 35).[4]

These allegations are more than sufficient to state a claim for breach of fiduciary duty against Van Emon and put him "on notice" of the conduct that forms the basis of that claim, including the transactions and/or types of transactions that underlie Plaintiff's breach of fiduciary duty claim.  These allegations also render the breach of fiduciary duty claim against Van Emon more than merely "plausible," contrary to Van Emon's assertions in his Motion.  Because Plaintiff sufficiently pleaded a claim for breach of fiduciary duty against Van Emon, his Motion seeking dismissal of Plaintiff's breach of fiduciary duty claim on this basis must be denied.

Van Emon next contends that his Motion should be granted because "[t]he Complaint does not contain any factual allegations from which the Court could conclude (or even infer) that any of the purported 'financial relationships and transactions' between Columbia and Pond caused damage to Columbia . . ." Doc. 10, PageID 79.  While it is true that proof of damages is a necessary component of a shareholder derivative action brought under Ohio law, this statement again completely ignores, and even directly contradicts, the allegations contained in the Complaint.

Plaintiff's allegations in the Complaint contain more than "bald and conclusory allegation[s]" regarding the damages to Columbia that have resulted from Van Emon's conduct.

---

[4] Additional paragraphs not even cited to by Van Emon further detail the conduct that constitutes his breaches of fiduciary duty.  For example, Plaintiff alleged that Van Emon also breached his fiduciary duties by "placing his own interests and the interests of other business entities for which he served as an officer above the interests of Columbia" (*id*. at ¶ 34). The Complaint also alleges that "[t]he breaches of fiduciary duties by Van Emon provided direct or indirect economic benefits to Van Emon and Pond, including but not limited money or other things of value provided to Pond while Van Emon was concurrently CFO of both Columbia and Pond" (*id*. at ¶ 40).

For example, the Complaint alleges (i) that "Pond received money or other things of value from Columbia Oldsmobile Company and its subsidiaries through self-dealing transactions in which Columbia Oldsmobile Company and its subsidiaries did not receive fair consideration" (Doc. 1, ¶ 3); (ii) that "[t]he breaches of fiduciary duties by Van Emon provided direct or indirect economic benefits to Van Emon and Pond, including but not limited to money or other things of value provided to Pond while Van Emon was concurrently CFO of both Columbia and Pond" (*id*. at ¶ 40); (iii) that "Defendant Pond has received money or other things of value from Columbia through self-dealing transactions in which Columbia did not receive fair consideration" (*id*. at ¶ 44); (iv) that "[a]s a result of its receipt of money and other things of value from Columbia without fair consideration, Pond has been unjustly enriched" (*id*. at ¶ 47); (v) that "Ned R. Van Emon has caused Pond to be unjustly enriched at the expense of and to the detriment of Columbia by the transactions described above, including those transactions in which he breached his fiduciary duties to Columbia" (*id*. at ¶ 63); and (vi) that "[a]s a result of the conduct of Ned R. Van Emon, Columbia has wasted valuable corporate assets in implementing the transactions described above that occurred while Ned R. Van Emon was CFO" (*id*. at ¶ 72).

These allegations are much more than "bald and conclusory allegation[s] that the 'breaches of fiduciary duty' by Van Emon have proximately caused damages to Columbia,'" contrary to Van Emon's contentions in his Motion. Doc. 10, PageID 80. The allegations in Plaintiff's Complaint explain how and why Van Emon's breaches of fiduciary duty have caused harm to Columbia. Van Emon's Motion must therefore be denied on this issue as well.

The cases to which Van Emon cites for his proposition that "[c]ourts have consistently dismissed shareholder derivative complaints where, like here, the complaint contains nothing more than conclusory allegations of damages" are distinguishable from the circumstances currently

5

before the Court. First, unlike in those cases, the Complaint includes more than "conclusory allegations of damages," as discussed above. Second, the cases are factually distinguishable from the instant case. *Brosz v. Fishman*, 99 F. Supp. 3d 776 (S.D. Ohio 2015) involves fiduciary duty claims based on alleged insider trading. The factual allegations in *Brosz* related to claims that the fiduciaries (i) disseminated "false information" about the company, (ii) failed "to maintain internal controls," and (iii) failed "to follow internal company policies." *Id*. at 787-788. The *Brosz* court found that the plaintiff had not explained how any of that conduct would have damaged the company, and instead included only one "conclusory allegation" of damages to the company as to each of those separate alleged breaches of fiduciary duty. *Brosz* is clearly distinguishable from this case, wherein Plaintiff has identified specific conduct engaged in by Van Emon and explained how that conduct has damaged Columbia.

Van Emon's reliance on *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664 (S.D. Ohio 2003) is also misplaced. In *Davis*, the single allegation regarding damages was "purely speculative" as to whether any damages would even occur as a result of the breach of fiduciary duty because the amount of the damages "was to be determined after [the court] compel[led] a proper accounting of the Write Down." *Id*. at 671. Here, Plaintiff's allegations establish that Columbia has already been damaged by Van Emon's breach of fiduciary duty. There is no future trigger or contingency that will give rise to damages or eliminate the damages: the damages resulting from Van Emon's conduct have already occurred.

Finally, Van Emon also mistakenly relies on *Brown v. Ferro Corp.*, 763 F.2d 798 (6th Cir. 1985). That case is also distinguishable because the damages alleged in *Brown* were "contingent upon a change of control and a change of control [was] not presently foreseeable." *Id*. at 803. Again, the allegations of Plaintiff's Complaint are not contingent on any future event occurring.

6

On the contrary, the allegations of the Complaint demonstrate that Columbia has already sustained damages resulting from Van Emon's breaches of fiduciary duties.

Plaintiff has sufficiently pleaded a claim for breach of fiduciary duty against Van Emon, and the allegations put him on notice of that claim and the basis for it. Plaintiff has also explained in detail the cause and nature of the damages Columbia has suffered as a result of Van Emon's conduct.[5] Van Emon's Motion should therefore be denied.

> **B.** *Plaintiff has sufficiently pleaded a claim for fraud in accordance with Fed. R. Civ. P. 9(b)*

Van Emon next contends that Plaintiff's fraudulent breach of fiduciary duty claim should be dismissed because the allegations of the Complaint are insufficient to meet the standards identified in Fed. R. Civ. P. 9(b). As with her breach of fiduciary duty claim against Van Emon, Plaintiff has also sufficiently pleaded a claim for fraudulent breach of fiduciary duty against Van Emon.

First, Plaintiff has pleaded each of the elements of fraud for purposes of a claim for fraudulent breach of fiduciary duty, which is based on Van Emon's fraudulent concealment of the self-dealing transactions. "To prevail on a fraudulent concealment claim, the plaintiff must establish "1) there was an actual concealment, (2) of a material fact, 3) with knowledge of the concealment, 4) with the intent to mislead another into relying, 5) which causes justifiable reliance by a party with a right to rely, and 6) the relying party suffers damages as a result." *Li-Conrad v. Curran*, 2016-Ohio-1496, ¶ 36, 50 N.E.3d 573, 580. Plaintiff has pleaded that Van Emon had a

---

[5] Van Emon also contends that "there is no evidentiary (or Rule 11) basis upon which Marie could have alleged any damages to Columbia as a result of transactions with Pond. As established during the jury trial before this Court, the ***unrefuted*** evidence is that every transaction between Columbia and Pond Realty was fair (and benefitted) Columbia." Doc. 10, PageID 80, n.2 (emphasis in original). That is simply not accurate and is, in fact, a blatant mischaracterization of the verdict the jury *actually* rendered. Indeed, Van Emon admits as much *later in his Motion* when he contradicts that earlier statement by acknowledging that "[w]ith the sole exception of management fees paid by Columbia to Pond and the 'money center' account, the jury specifically determined that *all* other 'transfers from Columbia and its subsidiaries to Pond' from 2012-forward were 'fair to Columbia.'" Doc. 10, PageID 86-87 (emphasis in original).

7

duty to disclose and concealed material facts in violation of that duty. *See*, *e.g.*, Doc. 1, ¶¶ 36, 52, 54, 56. Plaintiff further alleged that Van Emon's breaches of fiduciary duty, which have "taken place in the context of underlying fraud and in furtherance of that fraud," have been "knowing and intentional." *Id.* at ¶ 39; *see also id.* at ¶ 36 (alleging that "Van Emon has violated his duty of disclosure by . . . ***actively*** concealing the self-dealing transactions between Columbia and its subsidiaries on the one hand and the other companies for which Van Emon served as an officer on the other hand") (emphasis added). The Complaint also alleges that Van Emon knowingly and intentionally breached his fiduciary duties, including his duty to disclose, and also actively participated in (and received the benefits of) the self-dealing transactions described in the Complaint. *See*, *e.g.*, Doc. 1, ¶¶ 36, 39. The allegations also demonstrate reliance on Van Emon's concealment of the true nature—and even existence—of the related party transactions in that Columbia continued to engage in them (often with the direct involvement of Van Emon himself) even though Columbia was not obtaining like value in return. *See*, *e.g.*, *id.* at ¶ 40, 44, 47. Finally, and as discussed above, the Complaint sufficiently alleges that Columbia has been damaged by Van Emon's fraudulent conduct.

Additionally, the allegations of the Complaint also state a claim against Van Emon for constructive fraud. Constructive fraud is "a breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 2008-Ohio-1490, ¶ 22, 176 Ohio App. 3d 54, 69–70, 889 N.E.2d 1066, 1077 (internal citations omitted). "Constructive fraud does not require proof of fraudulent intent; the law indulges in an assumption of fraud for the protection of valuable social interests based upon an enforced concept of

8

confidence both public and private." *Id*. (internal citations omitted). "Constructive fraud differs from actual fraud in that actual fraud requires an affirmative misrepresentation, while constructive fraud results from the failure to disclose facts of a material nature where there exists a duty to speak." *Id*. at ¶ 43 (internal citations and quotations omitted). Here, it is beyond dispute that Van Emon owed a fiduciary duty to Columbia in his capacity as CFO of Columbia. The Complaint also contains allegations describing Van Emon's concealment of the self-dealing transactions between Columbia and Pond. *See*, *e.g.*, Doc. 1, ¶¶ 35-36, 52-58. These self-dealing transactions, Plaintiff also alleges in the Complaint, have resulted in damages to Columbia. Plaintiff has thus also pleaded a claim against Van Emon for constructive fraud.

Finally, Van Emon asserts that Plaintiff has failed to plead fraud against Van Emon with particularity. But Plaintiff has pleaded a fraud claim against Van Emon with as much particularity as is reasonably possible at this stage because, as stated in the Complaint, "Plaintiff has not yet been able to determine the full nature, amount and extent of the self-dealing transactions of the type" described therein. *See*, *e.g.*, Doc. 1, ¶¶ 53, 55, 57. There are hundreds, if not thousands, of individual self-dealing transactions that occurred during Van Emon's tenure as CFO of Columbia. Grouping those together in the way Plaintiff has done in her Complaint is a more efficient method of pleading fraud, striking the balance between a "short and plain" pleading and pleading fraud with particularity in compliance with Fed. R. Civ. P. 9(b). *See Joseph v. Joseph* Doc. 25, PageID 206 (granting Plaintiff's motion for leave to amend in the *Joseph v. Joseph* Case and finding Plaintiff had pleaded fraud with sufficient particularity when she "group[ed] various types of similar transactions into common allegations because the total number of entities and transactions

involved makes it difficult, if not impossible, to reference them individually"). [6] Moreover, Plaintiff still does not know the full nature and amount of those transactions in large part because Plaintiff in her individual capacity has not been permitted to inspect and copy the source documents underlying those transactions despite her extrajudicial requests to do so. Thus, Plaintiff has pleaded "the circumstances constituting fraud" with as much particularity as she is capable of at this stage and in the circumstances presented. The Court should deny Van Emon's arguments that Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 9(b).

      C.    *Plaintiff has sufficiently pleaded a claim for waste of corporate assets*

Plaintiff has already explained that she has sufficiently pleaded a claim for breach of fiduciary duty against Van Emon. Thus, the Court should reject Van Emon's argument that Plaintiff's waste of corporate assets claim should be dismissed on the theory that her breach of fiduciary duty claim (of which the claim for waste of corporate assets is a part) should be dismissed.

Van Emon contends that Plaintiff's waste of corporate assets claim should still be dismissed "for the same reasons" that Van Emon asserts in support of his contention that Plaintiff's breach of fiduciary duty claim against Van Emon should be dismissed. Van Emon then goes on to assert that "[t]he Complaint contains no factual allegations that establish how or when Mr. Van Emon supposedly wasted corporate assets of Columbia through any particular transaction with Pond." Doc. 10, PageID 83. As discussed at length above, the Complaint *does* allege that Van Emon wasted Columbia's corporate assets through self-dealing transactions with Pond, in which Columbia transferred money or other things of value to Pond but did not receive fair consideration

---

[6] Though the allegations of the Complaint are sufficient pursuant to Fed. R. Civ. P. 9(b) and the Court's prior Order in the *Joseph v. Joseph* Case, if the Court believes that more particularity is required, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend the Complaint.

10

in return. *See*, *e.g.*, Doc. 1, ¶ 47. The Complaint also establishes when Van Emon's conduct occurred—when he was CFO of Columbia. *See*, *e.g.*, Doc. 1, ¶ 15. These allegations are more than sufficient to put Van Emon on notice of Plaintiff's waste of corporate assets claim against him. The Court must therefore also deny Van Emon's Motion on this issue.

**III.     Plaintiff's claims against Van Emon are not barred by *res judicata*.**

Van Emon next asserts that Plaintiff's claims against him are barred by *res judicata*. In so doing, Van Emon makes no original arguments of his own, instead incorporating by reference Pond's motion to dismiss. *See* Doc. 10, PageID 84. Plaintiff has already established why a *res judicata* defense fails in this case, whether it is asserted by Van Emon or Pond.[7] Doc. 9, PageID 61-62. Particularly as to Van Emon, Van Emon cannot be considered in privity with either Ron or Plaintiff for purposes of asserting *res judicata* in this case. Neither Pond and Van Emon were parties to the case before the Court between Marie Joseph and Ronald Joseph (Case No. 1:16-cv-00465) (the *"Joseph v. Joseph* Case"). Moreover, and as explained in Plaintiff's Memorandum in Opposition to Pond Realty Company's Motion to Dismiss for Failure to State a Claim (Doc. 9) ("Plaintiff's Response to Pond's Motion to Dismiss"), which is incorporated by reference herein, neither Van Emon nor Pond can properly be considered to be in privity with Ron in his capacity as a defendant in the *Joseph v. Joseph* Case. The *Joseph v. Joseph* Case involved direct claims brought by Plaintiff against Ron in his capacity as a majority and controlling shareholder of Columbia. Pond, while involved in the facts underlying the *Joseph v. Joseph* Case, was not a party to that case, and its interests were not represented by Ron. For these reasons, and the reasons

---

[7] The allegations of the Complaint as to Van Emon include, but are not limited to, his involvement in the transactions between Columbia and Pond. Van Emon's assertions of *res judicata*, "impermissible claim-splitting" and collateral estoppel not only do not have merit as to transactions involving Pond, but they are altogether inapplicable to allegations of the Complaint relating to transactions between Columbia and entities other than Pond for which Van Emon served as an officer. *See*, *e.g.*, Doc. 1, ¶¶ 34, 36.

11

further discussed in Plaintiff's Response to Pond's Motion to Dismiss, Van Emon's asserted *res judicata* defense must be rejected.[8]

**IV.     Plaintiff's claims against Van Emon do not constitute impermissible claim splitting.**

Van Emon, like Pond before him, also asserts that Plaintiff's claims constitute "impermissible claim splitting." Van Emon again incorporates by reference Pond's motion to dismiss as to this issue. Plaintiff has already established why Pond's (and, in turn, Van Emon's) accusations of "impermissible claim splitting" lack merit. *See* Doc. 9, PageID 69-71 (Plaintiff's prior arguments on this point are also incorporated by reference).

As explained in relation to Pond's and Van Emon's asserted *res judicata* defenses, the differences between this case and the *Joseph v. Joseph* Case are both material and numerous. "When the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *The Haytian Republic,* 154 U.S. 118, 124 (1894). As explained in Plaintiff's Response to Pond's Motion to Dismiss, in this case there are not "the same parties, or, at least, such as represent the same interests" as there are in the *Joseph v. Joseph* Case. Nor are there "the same rights asserted and the same relief prayed for," as this case is a *derivative* action brought on behalf of Columbia, while the *Joseph v. Joseph* Case was a *direct* action brought pursuant to *Crosby v. Beam* against Ron in his capacity as a majority

---

[8] In its Reply Memorandum in Support of Pond Realty Company's Motion to Dismiss for Failure to State a Claim (Doc. 11), Pond chastises Plaintiff for "completely ignor[ing] the specific authority in Pond's Motion to Dismiss . . . regarding application of *res judicata* in the context of close corporations." Doc. 11, PageID 89. That "specific authority" to which Pond points is wholly irrelevant to this case because, as discussed herein and in Plaintiff's Response to Pond's Motion to Dismiss, neither Pond nor Van Emon can properly be determined to be in privity with Ron in his capacity as a defendant in the *Joseph v. Joseph* Case. Thus, whether Plaintiff is determined to be in privity with Columbia—because Columbia is a close corporation or otherwise—has no effect on Van Emon's or Pond's assertions of *res judicata* defenses, which fail because, among other things, they were neither parties to the *Joseph v. Joseph* Case nor in privity with the parties in that case.

and controlling shareholder of Columbia. Finally, the "facts, and the title, or essential basis, of the relief" are also not the same. Van Emon's Motion on this issue must therefore be denied as well.

### V. Van Emon's Motion regarding his asserted collateral estoppel defense must be denied.

Van Emon lastly argues that *some* of Plaintiff's claims against him must be denied because Plaintiff is precluded from asserting them due to collateral estoppel. Van Emon's collateral estoppel defense is based on the jury's verdict in the *Joseph v. Joseph* Case that "other transfers from Columbia and its subsidiaries to Pond Realty Company" were "fair" to Columbia. *See Joseph v. Joseph* Case Doc. 210, PageID 15718-15719.

Van Emon's collateral estoppel defense is limited to what was *actually* included in the jury's determination of "other transfers from Columbia and its subsidiaries to Pond Realty Company," and Van Emon's motion does not specify any particular transactions as falling within that category. While Van Emon may be able to assert such a collateral estoppel defense as to *some* (though, as even Van Emon admits, certainly not all) of the transactions between Columbia and Pond, doing so at the motion to dismiss stage is inappropriate. Without going outside the pleadings, it is impossible at this stage to determine which transactions fall into the category of "other transfers from Columbia and its subsidiaries to Pond Realty Company" and which do not.

Van Emon's Motion should thus be denied on this issue, as well. Resorting to extrinsic proof in support of their respective positions, the parties can later litigate which if any of the transactions fall into the category of "other transfers from Columbia and its subsidiaries to Pond Realty Company" and which fall into other categories for which the jury made *no* determination of fairness, such as so-called "management fees" and transfers involving the "money center account."

13

VI.  **Conclusion**

For the foregoing reasons, and the reasons stated in Plaintiff's Response to Pond's Motion to Dismiss (Doc. 9), Van Emon's Motion should be denied.

Respectfully submitted,

 */s/ Kevin L. Murphy*
Kevin L. Murphy (#0021810)
J. Jeffrey Landen (#0018174)
MURPHY LANDEN JONES PLLC
2400 Chamber Center Drive, Suite 200
P.O. Box 17534
Fort Mitchell, KY 41017-0534
Telephone: (859) 578-3060
Fax: (859) 578-3061
kmurphy@MLJfirm.com
jlanden@MLJfirm.com
*Attorneys for Plaintiff Marie Joseph,*
*Derivatively on Behalf of*
*Columbia Oldsmobile Company*

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Kevin L. Murphy*
Kevin L. Murphy