UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARIE JOSEPH, | ) | Case No.: 1:19-cv-00641-TSB |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Black |
| | ) | |
| v. | ) | **DEFENDANT NED R. VAN EMON'S** |
| | ) | **REPLY IN SUPPORT OF MOTION** |
| POND REALTY COMPANY, *et al.*, | ) | **TO DISMISS** |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Marie's Opposition fails to save her Complaint from dismissal. Mr. Van Emon's Motion identified significant pleading and proof of damages deficiencies in the Complaint. Marie responds only by quoting back her own conclusory allegations, which further demonstrates why dismissal is appropriate. Marie fails to respond at all to the reasons that judicial estoppel is a bar to her claims, thereby waiving any opposition to dismissal on this ground. She responds to the res judicata and claim splitting defenses by incorporating legally baseless arguments that Pond Realty Company ("Pond") has thoroughly refuted in briefing on its motion to dismiss. For all of these reasons, the Court should dismiss Marie's Complaint with prejudice.

## II. ARGUMENT

### A. Marie's Complaint Fails to State a Claim for Relief Under the Requisite Pleading Standards

#### 1. Count One of the Complaint (Breaches of Fiduciary Duties) Fails

Mr. Van Emon moved to dismiss Count One as deficiently pled because the Complaint (1) fails the Rule 8 specificity and plausibility pleading requirements set forth in *Iqbal/Twombly*, and also (2) fails to allege the proof of damages necessary to state a claim and maintain a derivative action. (Mot., Doc. 10 at 2-4.)

As to Mr. Van Emon's first argument, Marie responds by block-quoting her allegations in the Complaint and proclaiming they "are more than sufficient to state a claim for breach of fiduciary duty against Mr. Van Emon." (Opp., Doc. 12 at 3-4.) Repeating a conclusion does not make it less conclusory. Marie's repetition of superficial accusations unsupported by any pleaded fact does not turn them into a plausible claim for relief—it only proves their conclusory and deficient nature.

Marie's allegations do not identify any specific transactions between Columbia and Pond—or even types of transactions—that Mr. Van Emon allegedly improperly implemented while he was serving as CFO. Rather, the Complaint and Opposition cite her opaque and amorphous references to "money or other things of value". (*See, e.g.*, Compl. ¶¶ 3, 29, 31, 40; Opp., Doc. 12 at 3-5, 10.) There are simply no *factual* allegations against *Mr. Van Emon* of alleged wrongdoing sufficient to support a claim. (*See* Mot., Doc. 10 at 2-3.) Marie likely takes this deliberately vague approach in order to avoid confirming that she is attempting to rely on exactly the transactions between Columbia and Pond that were already litigated in the Previous Case (No. 16-cv-00465). Regardless of the motivation, vague references to unidentified "transactions" involving "things of value" and unsupported conclusions about "breach of fiduciary duty" are not sufficient to state a claim. For this reason, Mr. Van Emon's Motion should be granted.

Regarding Mr. Van Emon's second argument for dismissal, Marie admits that "proof of damages is a necessary component of a shareholder derivative action brought under Ohio law." (Opp., Doc. 12 at 4.) Marie also does not dispute that the Complaint's only allegations mentioning damages to Columbia are conclusory assertions that the "breaches of fiduciary duty by Van Emon have proximately caused damages to Columbia." (*See* Compl. at ¶¶ 32, 48, 61, 67, 75, 77.) As discussed in Mr. Van Emon's Motion, these types of non-factual allegations are not sufficient to

state a claim. The most Marie offers in opposition as concrete proof of damages is a bald and generalized assertion that Columbia somehow "did not receive fair consideration" in certain unidentified transactions with Pond involving unspecified goods or services at unspecified times. (Opp., Doc. 12 at 5.) This allegation falls far short of the well-pleaded facts necessary to state a claim and maintain a derivative action.[1]

The cases cited in Mr. Van Emon's Motion actually contain more specific (yet still deficient) allegations than those that Marie offers in the Complaint. (*See* Mot., Doc. 10 at 4.) For example, in *Davis v. DCB Fin. Corp*, the court found that allegations about specific accounting errors that "allegedly resulted in a decrease in [the company's] earnings for the fourth quarter of 2001" as well as an "entity value decrease[] in an amount to be determined" were still "purely speculative" and inadequate to maintain a derivative action. 259 F. Supp. 2d 664, 668, 671 (S.D. Ohio 2003). *See also Brosz v. Fishman*, 99 F. Supp. 3d 776, 786 (S.D. Ohio 2015) (dismissing derivative suit where complaint lacked facts that specifically "explained how [the alleged wrongdoing] in and of itself damaged [the company]"). For this reason, also, Count One should be dismissed.

### 2. Count Two of the Complaint (Fraud and Fraudulent Breach of Fiduciary Duties) Fails

Mr. Van Emon moved to dismiss Count Two as deficiently pled because it (1) fails the heightened pleading requirements for fraud-based claims, and (2) like Count One fails to allege the proof of damages necessary to state a claim and maintain a derivative action. (Mot., Doc. 10

---

[1] In her Opposition, Marie predictably does not (and cannot) respond to Mr. Van Emon's argument that there is no Rule 11 basis to support her conclusory allegations of damages to Columbia. After years of litigation and a multi-week trial in the Previous Case, not a single witness testified (and no document demonstrated) that Columbia was damaged in any way through transactions with Pond. The *only* evidence is that Columbia *benefitted*. Marie does not contend otherwise, pointing out only that the jury technically did not reach the question of fairness to Columbia in all of its interrogatories (because it was not necessary). (Opp., Doc. 12 at 7, n.5.) This of course does not provide the necessary "evidentiary support" for affirmatively alleging that Columbia was damaged. Fed. R. Civ. Pro. 11(b)(3).

at 5-6.) As to the heightened pleading requirements, Marie again merely recites her conclusory Complaint allegations and declares them sufficient to state a claim. (Opp., Doc. 12 at 7-10.) Marie does not identify any *factual* allegations that support the specific elements of a fraud claim against Mr. Van Emon, or that begin to satisfy the stringent "who, what, when, where, and how" requirements of Rule 9(b). (*See* Mot., Doc. 10 at 5-6.)[2] Count Two fails for this reason alone, and also because the Complaint does not make any factual allegations from which the Court could conclude (or even infer) that any of the purportedly "fraudulent" actions by Mr. Van Emon damaged Columbia—which is both an essential element of any "fraud" or "fraudulent breach of fiduciary duty" claim and required to maintain a derivative action. (*See* Mot., Doc. 10 at 3-4, 6.)

### 3.  Count Three of the Complaint (Waste of Corporate Assets) Fails

Count Three should be dismissed because Marie does not dispute that waste of corporate assets is not an independent claim (*See* Mot., Doc. 10 at 6-7). But even if it could be an independent claim, Count Three would still fail for the same two reasons as Count One (failure to state a plausible claim and failure to establish proof of damages). (*Id.* at 7.) Marie's repetition (yet again) of her conclusory complaint allegations does not save Count Three from dismissal for these two alternative reasons. (Opp., Doc. 12 at 10-11.)

---

[2] Marie cites to an Ohio state court case—*Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 2008-Ohio-1490 (Ohio Ct. App.)—apparently for the proposition that federal Rule 9(b) is somehow diminished or does not apply to claims for "constructive fraud." (Opp., Doc. 12 at 8-9). Notwithstanding the fact Marie has not plead facts to support the elements of a "constructive fraud" claim (and no such claim is included in her Complaint), *Otterbein Homes* says nothing of the sort. Rule 9(b) "requires specificity with respect to the acts, statements, or omissions alleged to have been fraudulent," and "courts have applied Rule 9(b) to all species of constructive fraud claims." *Anderson v. First Franklin,* No. 2:09-CV-11096, 2010 U.S. Dist. LEXIS 17285, at *25, n.3 (E.D. Mich. Jan. 29, 2010) (collecting cases). *See also*, *e.g.*, *Robinson v. Vanex Tube Corp.*, 2016-Ohio-268, ¶ 37 (Ohio Ct. App.) (dissent) (noting "Constructive fraud, as with other types of fraud, must be pled with particularity pursuant to Civil Rule 9(B)").

### B. Marie's Complaint is Legally Barred by the Doctrines of Res Judicata (Claim Preclusion), Judicial Estoppel, Impermissible Claim Splitting, and Collateral Estoppel (Issue Preclusion)

#### 1. Res Judicata (Claim Preclusion)

Mr. Van Emon incorporates by reference and will not repeat here all of the arguments in Pond's motion to dismiss briefing that demonstrate why the entire Complaint is clearly barred by the doctrine of res judicata. (Pond. Mot. & Reply, Doc. 7 at 1-14, Doc. 11 at 1-13.) Marie acknowledges that the current lawsuit is an attempt to re-litigate *the same transactions* between Columbia and Pond that were the subject of years of litigation in the Previous Case. She gripes in her Opposition (responding to Mr. Van Emon's pleading deficiency arguments) that the current Complaint would have been more specific if she had only "been permitted to inspect the source documents underlying those transactions" (Opp., Doc. 12 at 10), but does not and cannot dispute her claims challenging those transactions were reduced to judgment in the Previous Case. Likewise, Marie does not address that Mr. Van Emon was in privity with Ron Joseph (another officer of Columbia) concerning claims challenging the same transactions and shared a close alignment and identify of desired results in defending those transactions. As detailed in Pond's Motion, this is all that is required for res judicata. The Court should reject Marie's improper and vexatious effort to repackage the same claims she litigated for years, tried to a jury, and lost.

#### 2. Judicial Estoppel and Impermissible Claim Splitting

Marie offers no opposition to Mr. Van Emon's argument that the entire Complaint is barred by the doctrine of judicial estoppel (*see* Mot., Doc. 10 at 8-9), and has therefore waived any argument against dismissal on that basis. *See, e.g.*, *Conrad v. U.S. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 791-92 (S.D. Ohio 2019) (Black, J.) (finding that because plaintiff does not "respond in any way to Defendants' argument" she "appears to concede this point and waives opposition to

dismissal") (collecting cases); *Navigators Specialty Ins. Co. v. Guild Assocs.*, 2016 U.S. Dist. LEXIS 163484, at *31 (S.D. Ohio Nov. 28, 2016) ("A party waives opposition to an argument by failing to address it in her responsive brief").

As to the doctrine of improper claim splitting, Mr. Van Emon again incorporates by reference Pond's briefing, which demonstrates the entire Complaint is barred for this alternative reason. (Pond. Mot. & Reply, Doc. 7 at 14-15, Doc. 11 at 13-15.)

### 3. Collateral Estoppel (Issue Preclusion)

In addition to the foregoing reasons for dismissing the entire Complaint, Mr. Van Emon explained at the end of his Motion why the doctrine of collateral estoppel (issue preclusion) also bars most if not all of Marie's claims. (Mot., Doc. 10 at 9-11.) Marie's only opposition argument is that application of collateral estoppel would require consideration of "extrinsic proof" not appropriate on a motion to dismiss. (Opp., Doc. 12 at 13.) However, the Court can take judicial notice of the jury interrogatories from the Previous Case when ruling on a motion to dismiss based on collateral estoppel. *See Kabir v. Donahue*, No. 2:012-CV-00641, 2013 U.S. Dist. LEXIS 121156, at *2, n.2, *11 (S.D. Ohio Aug. 16, 2013). Those jury interrogatories establish that the jury considered and finally determined that all "transfers from Columbia and its subsidiaries to Pond" from 2012-forward other than the payment of management fees and use of the money center account[3] were "fair to Columbia." (Mot, Doc. 10 at 10; Jury Interrogatories, Previous Case Doc. 210 at 14.) Marie fails to plead or identify any specific claim outside the scope of this issue preclusion. Accordingly, in addition to the other independent grounds for dismissal discussed above, collateral estoppel bars the claims against Mr. Van Emon.

---

[3] The jury did not need to consider the fairness of those two categories of transactions because it rejected those claims on other grounds.

III. **CONCLUSION**

For the foregoing reasons, and the reasons stated in Mr. Van Emon's Motion to Dismiss (Doc. 10.) and Pond's Motion to Dismiss (Doc. 7) and Reply (Doc. 11), Marie's Complaint should be dismissed with prejudice.

        Respectfully submitted,

        */s/ James E. Burke*
        James E. Burke (0032731)
        Rachael A. Rowe (0066823)
        James R. Matthews (0043979)
        Benjamin G. Stewart (0082638)
        Jacob D. Rhode (0089636)
        KEATING MUETHING KLEKAMP PLL
        One E. 4th Street, Suite 1400
        Cincinnati, OH 45202
        Tel: (513) 579-6400
        Fax: (513) 579-6457
        jburke@kmklaw.com
        rrowe@kmklaw.com
        jmatthews@kmklaw.com
        bgstewart@kmklaw.com
        jrhode@kmklaw.com

        *Attorneys for Defendant Ned R. Van Emon*

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

        */s/ James E. Burke*
        James E. Burke

9541396