**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARIE A. JOSEPH, *derivatively on behalf of Columbia Oldsmobile Company*, | : : : : | Case No. 1:19-cv-641 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| POND REALTY COMPANY, *et al.*, | : : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 7, 10), DISMISSING THE COMPLAINT (Doc. 1) AND CASE WITH PREJUDICE**

Plaintiff Marie A. Joseph ('Marie") spent two and a half years litigating alleged breach of fiduciary duty claims against her brother, Ronald Joseph, Sr., ("Ron"), the President and majority shareholder of the family's closely held corporation, Columbia Oldsmobile Company ("Columbia"). *See Joseph v. Joseph*, No. 1:16-cv-465 (S.D. Ohio filed April 12, 2016) ("*Joseph I*"). After years of contentious, time-consuming, and costly pretrial litigation, Marie ultimately tried her breach of fiduciary duty claims to a jury. Following a two-week trial, the jury returned a verdict against Marie and in favor of Ron on <u>all</u> claims, including those challenging allegedly improper transfers to Pond Realty Company ("Pond"). This Court entered final judgment against Plaintiff based on the jury's verdict. Marie subsequently lost her appeal in the Court of Appeals for the Sixth Circuit. *See Joseph v. Joseph*, No. 19-3350, 2022 WL 3536273, at *2 (6th Cir. Aug. 18, 2022), *reh'g denied* (6th Cir. Oct. 11, 2022).

In the present lawsuit, Marie now seeks to bring the very same claims, challenging the very same transfers to Pond, against a different officer of Columbia. Marie seeks to try the same claims a second time to a second jury. Marie's attempt to repeat the previously resolved litigation, as a do-over, is fundamentally improper.

A quintessential principle of our system of justice is that an unsatisfied, losing litigant cannot re-litigate claims that were previously resolved against her. Marie's attempt to re-litigate breach of fiduciary duty claims against another officer of Columbia, based on the same challenged transactions, is improper as a matter of law. Indeed, it offends the critically fundamental principles of finality and fairness upon which our system of justice depends. The present (second) lawsuit is nothing more than a contrived attempt to re-litigate claims that are legally barred by the judgment in the original case. As all of Marie's claims in this second lawsuit are barred by the doctrines of res judicata and judicial estoppel, the present case shall be dismissed with prejudice.

## I. BACKGROUND

This civil action is before the Court on Defendants' motions to dismiss (Docs. 7, 10), and the parties' responsive memoranda (Docs. 9, 11, 12, 13). Accordingly, the Court describes the facts as alleged by Plaintiff.

In this present case, Marie, as a minority shareholder, seeks to bring a shareholder derivative action on behalf of Columbia, and against Defendants Ned R. Van Emon ("Van Emon") and Pond. (Doc. 1).

Until around October 2016, Van Emon served as Chief Financial Officer of both Columbia and Pond.[1] (*Id*. at ¶ 15). As alleged in the complaint, "Pond received money or other things of value from Columbia [] and its subsidiaries through self-dealing transactions in which Columbia [] and its subsidiaries did not receive fair consideration" (hereinafter, the "Columbia-Pond transactions"). (*Id.* at ¶ 3). Marie claims that Van Emon breached his fiduciary duties owed to Columbia by directing the Columbia-Pond transactions, for the benefit of Pond and without due consideration to Columbia, and without any approval by a Columbia officer "free from any conflict of interest at any time before September 29, 2016." (*See generally*, *id.*). For relief, Marie seeks the return to Columbia from Pond of all benefits, profits, and other things of value that Pond received from Columbia due to the alleged self-dealing.

Summarily speaking, those are the facts as alleged in the present action. However, as previously introduced, that is not the only relevant background.

As explained in the present complaint, Marie's brother, Ron, is the President and majority shareholder of Columbia, and the President of Pond. (*Id*. at ¶¶ 8, 9). Although Marie alleges that Ron received a self-serving benefit from the Columbia-Pond transactions (*id.* at ¶ 11), Ron is not a named defendant in the present action. Why? It is

---

[1] Van Emon stopped serving as CFO of Columbia and Pond around October 2016. Although the complaint does not explicitly allege this fact, the complaint implicitly recognizes that Van Emon's alleged breaches of fiduciary duty occurred "at any time before September 29, 2016." (Doc. 1 at ¶¶ 52, 54, 55). Also, during the first action, Van Emon testified during his deposition, taken October 28, 2016, and during trial, that his employment with Columbia and Pond ended by October 2016. *Joseph I*, Doc. 213 at 38; Doc. 206-17 at 6. The fact that Van Emon stopped serving as CFO around October 2016 is not subject to reasonable dispute. *See Saylor v. United States*, 315 F.3d 664, 667–68 (6th Cir. 2003) ("court may take judicial notice of its own record in the prior case on which the claim preclusion argument is premised").

because Marie has already litigated her claims about the Columbia-Pond transactions against Ron in this federal court and lost. *See Joseph I.* [2]

In *Joseph I*, Marie spent two and a half years aggressively litigating her breach of fiduciary duty claims related to the Columbia-Pond transactions against Ron. In *Joseph I*, Marie brought her claims against Ron as a direct action, arguing that she could only pursue a direct shareholder action (instead of a derivative action on behalf of the company), because Ron was the controlling and majority shareholder of Columbia. Specifically, Marie argued that if she were required to pursue a derivative action, any recovery would go back into the hands of the alleged wrongdoer, Ron. Ultimately, the Court agreed with Marie's argument, finding she had standing to pursue her claims related to the Columbia-Pond transactions as a direct action to a jury. *Joseph I*, Doc. 161 at 3-4 (citing *Crosby v. Beam*, 548 N.E.2d 217 (Ohio 1989)).

A two-week jury trial commenced. The jury was specifically instructed on Marie's claims against Ron for unauthorized and undisclosed "self-dealing" transactions involving Columbia and its subsidiaries, on the one hand, and Pond on the other hand. *E.g.*, *Joseph I*, Doc. 208 at 25. Among other questions, the jury was asked whether Ron caused the Columbia-Pond transactions to occur, whether Ron's ownership interests in the two companies affected his judgment, and whether the Columbia-Pond transactions were fair. The jury returned a verdict in favor of Ron on all claims. *Joseph I*, Doc. 210.

---

[2] In *Joseph I*, Marie also asserted additional breach of fiduciary duty claims against Ron, as Columbia-majority shareholder, that were unrelated to transactions between Columbia and Pond.

Marie then took her claims up on appeal. *Joseph I*, Doc. 252. Following the *Joseph I* trial, and before the appeal was decided, Marie filed this present action against Van Emon and Pond, and Defendants responded by filing their motions to dismiss. While these motions were pending in this Court, Marie lost her appeal when the Court of Appeals for the Sixth Circuit affirmed the jury verdict and judgment in *Joseph I*. *See Joseph*, No. 19-3350, 2022 WL 3536273.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986) ). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

5

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. Rule Civ. P. 8(a)(2)).

### III.  ANALYSIS

#### A.  Res Judicata

Defendants argue that Marie's claims are barred by res judicata. "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891, n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, (2001)).[3] Under Ohio law, "[r]es judicata bars a second action when (1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action, (2) the second action involves the same parties or their privies, (3) the second action raises claims that were or could have been litigated in the first action, and (4) the second action arises out of the same transaction or occurrence that was the subject of the first action." *State ex rel.*

---

[3] *Joseph I* was brought pursuant to this Court's diversity jurisdiction.

*Armatas v. Plain Twp. Bd. of Zoning Appeals*, 154 N.E.3d 74, 77 (Ohio 2020) (citing *Portage Cty. Bd. of Commrs. v. Akron*, 846 N.E.2d 478 (Ohio 2006)).[4] **"The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."** *Natl. Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (emphasis added).

Res judicata is an affirmative defense but may be raised in the context of a motion to dismiss. *See Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1228–29 (6th Cir. 1981) ("[I]t is now clearly established that res judicata can also be raised by motion."). "The party asserting the defense of res judicata [] bears the burden of proof." *Keymarket of Ohio, LLC v. Keller*, 483 Fed. App'x 967, 971 (6th Cir. 2012).

### 1. Final Judgment on the Merits

There is no reasonable dispute that final judgment on the merits was rendered, *see Joseph I*, Doc. 251, and that judgment was affirmed by the Sixth Circuit. *See Joseph v. Joseph*, No. 19-3350, 2022 WL 3536273, at *2 (6th Cir. Aug. 18, 2022), *reh'g denied* (6th Cir. Oct. 11, 2022).

### 2. Same Transaction

"For purposes of res judicata analysis, a 'transaction' is defined as a 'common nucleus of operative facts.'" *U.S. Bank Natl. Assn. v. Gullotta*, 899 N.E.2d 987, 991 (Ohio 2008) (citations omitted). "Under this definition, suits asserting different legal

---

[4] The elements for res judicata under Ohio law and under federal common law are the same. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quotation omitted) (describing federal elements).

7

theories, relying on different evidence, or seeking different remedies can arise from the same 'transaction' if they concern the same general fact pattern." *Bus. Dev. Corp. of S.C. v. Rutter & Russin, LLC*, 37 F.4th 1123, 1133 (6th Cir. 2022) (applying Ohio law). "To decide whether the facts across two cases fall within a single transaction, Ohio courts use a 'logical relation' test," which test "asks whether litigating each claim separately would involve a substantial duplication of effort and time by the parties and the courts." *Id.* (quotations and citations omitted).

There can be no dispute that present action arises from the same common nucleus of operative facts. Specifically, the current dispute arises from the same Columbia-Pond transactions which Marie claims were self-dealing in *Joseph I*. Marie concedes this as true. In her opposition, Marie states that this she filed this action based on trial testimony (which she believes to be false) from *Joseph I* that Ron delegated authority to engage in the Columbia-Pond transactions to others. (Doc. 9 at 8-10). The claims in *Joseph I* and the present action arise from the very same Columbia-Pond transactions.

   **3.**  **Same Parties or Their Privies**

The Supreme Court of Ohio has explained that "[w]hat constitutes privity in the context of res judicata is somewhat amorphous." *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000) (cleaned up). However, Ohio applies "a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine." *State ex rel. Schachter v. Ohio Pub. Emps. Ret. Bd.*, 905 N.E.2d 1210, 1217 (Ohio 2009). Broadly speaking, "a mutuality of interest, including an identity of desired result, creates privity" for purposes of res judicata. *Brown*, 730 N.E.2d at 962.

As alleged, there is privity between the parties in the present action and *Joseph I*. The desired result Marie sought in *Joseph I* and the desired result Marie seeks on behalf of Columbia in the present action are the same: a finding that the Columbia-Pond transactions were improper, and a recovery of benefits improperly conferred to Pond. Also, based on the allegations in the Complaint, Van Emon and Pond have the same desired result as Ron in *Joseph I*: a determination that the Columbia-Pond transactions were fair, that no fiduciary duties were breached, and that no benefits need be transferred to Columbia from Pond.

And, aside from the desired results as alleged, there is also a mutuality of interest between Columbia in the present case and Ron in *Joseph I*. Ron is the controlling and majority shareholder of Columbia. The present derivative action is essentially brought on behalf of Ron because he is the majority shareholder. Columbia's interest are Ron's interests. *See also*, Sec. III(A)(5). And, Ron's interests in *Joseph I*, including his interest in the finality of *Joseph I*, preclude Columbia from asserting the present action.

Ohio's approach to privity is broad. Whether one looks at the desired results of the opposing parties of the two cases as alleged, or the mutuality of interests between plaintiff in the present case and defendant of *Joseph I*, privity clearly exists.

### 4. Claims that Were, or Should Have Been, Litigated

"The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Nat'l Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (element met when plaintiff sought essentially the same relief in both actions"). For this element to be met, the claim need

only be one that the plaintiff could have asserted by exercising reasonable diligence. *Bus. Dev. Corp.*, 37 F.4th at 1135 (applying Ohio law).

Here, Marie already litigated the Columbia-Pond transactions which are the subject of her present claims. This Court specifically instructed the jury to consider the Columbia-Pond transactions and whether Ron breached his fiduciary duty to Marie by engaging in the transactions. Indeed, the jury found by specific Jury Interrogatory that certain transfers from Columbia to Pond were fair and/or any interest Ron had in the transaction did not affect his judgment in a manner adverse to Columbia. *E.g.*, *Joseph I*, Doc. 210 at 7, 13-14. Moreover, to the extent claims were not specifically litigated, Marie knew of the Columbia-Pond transactions, Marie knew of Van Emon's role as CFO for both Columbia and Pond, and Marie had the belief that Pond was receiving unjust amounts from Columbia. Thus, with any reasonable diligence, Marie *could have* asserted the claims in the present action in *Joseph I* to avoid duplicative litigation.

### 5. Marie's Arguments Against Res Judicata

Marie asserts various arguments opposing res judicata. All are unpersuasive.

Marie's overarching argument is that res judicata cannot apply because the parties and the claims in *Joseph I* and the present action are not identical. Specifically, Marie argues that, in *Joseph I*, the jury only considered duties owed by Ron to Marie and did not consider any responsibilities of Van Emon or Pond owed to Columbia. But, this argument misses the mark. Although Marie asserts different causes of actions and the parties are different, Marie seeks "essentially the same relief in both actions:" the return of benefits from Pond that were improperly conferred from Columbia in self-dealing.

*Nat'l Amusements*, 558 N.E.2d at 1180. The parties and claims in *Joseph I* and the present action need not be identical for res judicata to apply. Res judicata may apply so long as the parties are in privity and the claims are ones that could have been brought.

Marie also argues that res judicata cannot apply because the two actions are distinct—the present action is a shareholder derivative action on behalf of Columbia and *Joseph I* was a direct action between Marie and Ron. As a general proposition of law, Marie's distinction is true. A "corporation is for most purposes treated as a jural person distinct from its stockholders, members, directors, and officers." Restatement (Second) of Judgments § 59 cmt. a (1982). A "judgment for or against persons who are stockholders, members, or managers of a corporation does not in general bind or redound to the benefit of the corporation." *Id.*

> However, there are exceptions to this general rule, including the following:
>
> > If the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows: …
> >
> > (b) The judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation.

*Id.* In other words, a closely held corporation can be bound by judgments involving one of its shareholders because the "interests of the corporation, management, and shareholders of a closely held corporation 'generally fully coincide.'" *Mullins v. Corcoran*, 172 N.E.3d 759, 773 (Mass. 2021) (quoting Restatement (Second) of

11

Judgments § 59 cmt. e (1982)) (citing cases across jurisdictions).

The present case and *Joseph I* demonstrate such a situation. In *Joseph I*, Marie asserted breach of fiduciary duty claims in a direct action against Ron, the controlling shareholder and President of Columbia. Ron defended that action, including the Columbia-Pond transactions, and a judgment was entered in Ron's favor. Marie now seeks to assert a claim on behalf of Columbia against Van Emon for breaches of fiduciary duty related to the same Columbia-Pond transactions. However, the interests of Columbia (the corporation), Ron (shareholder and management), and Van Emon (management) fully coincide, and the judgment in favor of Ron in *Joseph I* precludes the present action.[5]

Moreover, as discussed, the mutuality of interests of Ron and Columbia necessitate precluding the present case. Ron is the majority and controlling shareholder of Columbia, so his interests generally coincide with Columbia. If Marie were able to proceed with this derivative suit on behalf of Columbia, she is essentially pursuing this suit on behalf of Ron. Ron would then be inexplicably placed on a side contrary to his perceived truth, and his testimony, in *Joseph I*, *i.e.*, the side pursuing claims that the

---

[5] There are or were other owners of Columbia, namely Ron's sons and Marie and Ron's siblings, all of whom are minority shareholders. However, there is nothing to suggest that relitigation of the issues is justified in order to protect the interest of one of these other owners. Rather, Marie adequately and vigorously represented the interests of the minority shareholders by bringing her direct action against Ron. The Sixth Circuit even suggested that Marie's interests were the same as other minority shareholders when affirming the Court's dismissal of Marie's direct claims against Ron's sons arising from the Columbia-Pond transactions. *Joseph*, No. 19-3350, 2022 WL 3536273, at *10 (quoting *Crosby*, 548 N.E.2d at 219) ("Columbia's transfers of 'millions of dollars to Pond Realty Company,' Appellant Br. at 30, came from Columbia's own corporate assets, so it is difficult to see how Marie was 'injured in a way that is separate and distinct from an injury to the corporation.'").

Columbia-Pond transactions were self-dealing. Such a result would be <u>absurd</u>; and any outcome in Columbia's favor would completely undermine the judgment of *Joseph I*. The present action must be precluded.

Finally, Marie argues that res judicata cannot apply because "many of the transactions that are the subject of [the present] case were not even in existence at the time [of *Joseph I*]" because *Joseph I* was limited to alleged breaches between 2012 and 2016. (Doc. 9 at 12-13). But, in *Joseph I*, the jury was instructed that Marie's breach of fiduciary duty claims were limited to alleged acts or omission that "occurred on or **after** April 12, 2012." *Joseph I*, Doc. 208 at 20. Most importantly, there is no reasonable dispute that Van Emon was terminated as CFO around October 2016, so any breaches of fiduciary duty by Van Emon necessarily occurred <u>before</u> Marie filed her amended complaint in *Joseph I* on January 10, 2017. *Joseph I*, Doc. 27. Although Marie argues that the present action includes transactions not at issue in *Joseph I*, Marie fails to cite to any paragraph in the complaint which makes such an allegation. Indeed, the complaint in the present action is devoid of any allegations outside the time of the *Joseph I*.

\*     \*     \*

"The doctrine of res judicata 'encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes.'" *Nat'l Amusements*, 558 N.E.2d at 1180 (quoting *Brown v. Felsen*, 442 U.S. 127, 131, (1979)). "'Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if conclusiveness did not attend the judgments of such tribunals.'" *Id.* (quoting *Southern*

13

*Pacific Rd. Co. v. United States*, 168 U.S. 1, 49 (1897)).

Marie fully and fairly litigated her breach of fiduciary duty claims arising from the Columbia-Pond transactions in *Joseph I*. Having lost, Marie now wants a do-over. It is clear from the face of the complaint and from the proceedings in *Joseph I* that all four res judicata elements are met. The present action must be dismissed.

### B. Judicial Estoppel

Defendants also argue that the present action should be dismissed based on judicial estoppel. Judicial estoppel is an equitable doctrine, applied at the Court's discretion. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). It is based on the premise that: "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* at 749 (2001) (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

The Sixth Circuit has articulated the purpose of judicial estoppel:

> The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. Judicial estoppel is an equitable doctrine meant to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment. Judicial estoppel, however, should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.

*Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (cleaned up).

The U.S. Supreme Court provides several factors that may inform the decision when to apply the doctrine: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that earlier position, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire*, 532 U.S. at 750. These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *Id*.

Marie spent years arguing that Ron breached his fiduciary duties by engaging in self-dealing transactions between Columbia and Pond. In pursuit of that litigation, the Court accepted Marie's position that her claims fell outside the general rule that a shareholder cannot pursue a direct action unless she can prove an individualized injury separate and distinct from the corporation. Specifically, the Court accepted Marie's position that an exception to the general rule applied, which exception allows a minority shareholder in a closely held corporation to pursue a direct action, because requiring an aggrieved minority shareholder to pursue a derivative action would result in any recovery being placed under the control of the very person accused of wrongdoing. *See Joseph I*, Doc. 160 at 3 (citing *Crosby*, 548 N.E.2d 217). By accepting that position, the Court found that Marie had standing to bring her claims and present them to a jury.

15

Marie's current positions are fundamentally inconsistent with her prior positions. Marie now seeks to push the blame onto Van Emon, after previously arguing that Ron's full and unequivocable control over Columbia and decision-making for the Columbia-Pond transactions, breached his fiduciary duties owed. Marie now seeks to recover on behalf of Columbia, after previously arguing that she could not pursue a derivative action because any recovery would go into the hands of her alleged wrongdoer, Ron. Indeed, if the present action were to proceed forward, any recovery would go to Columbia and into the hands of Ron—a recovery that is clearly inconsistent from Marie's prior position.

Accordingly, the Court, in its discretion, (and without difficulty nor a whisper of angst), finds that Marie must be judicially estopped from pursuing the present action. Marie has been given a full and fair opportunity to litigate her claims. A jury listened to two weeks of testimony and arguments, and determined that Marie's claims of self-dealing related to the Columbia-Pond transactions failed. Her attempt at this duplicative litigation is an abuse of the judicial system and must be estopped.

## IV.     CONCLUSION

Based upon the foregoing, Defendants' motions to dismiss (Docs. 7, 10) are **GRANTED**. **The Complaint is DISMISSED with prejudice**, and the Case is terminated. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Date: 11/1/2022

*Timothy S. Black*
Timothy S. Black
United States District Judge